SAVERIO NAPOLITANO, BY ANGELO NAPOLITANO, HIS NEXT FRIEND, AND ANGELO NAPOLITANO, PLAINTIFFS, v. HORACE H. MOORE, DEFENDANT.

Argued May 7, 1930—Decided January 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Sorg, Duncan & Bailey.*

*Contra, Geran, Mallack & Lautman* (*Solomon Lautman,* of counsel).

PER CURIAM.

This is defendant's rule to show cause why verdicts in favor of the plaintiffs should not be set aside.

The action was brought by Saverio Napolitano, by his next friend, and by Angelo Napolitano for damages resulting from an automobile accident in which both plaintiffs were injured, and as a result of which the plaintiff Angelo Napolitano suffered various property losses. The jury awarded a verdict of $300 for the infant plaintiff, Saverio, and $10,511 for plaintiff Angelo.

We think the evidence reasonably tended to show, and the jury was justified in finding if they saw fit, that plaintiff Angelo was driving his Ford car, a delivery truck, in a southerly direction along Third avenue in Spring Lake, his son, Saverio, sitting beside him; that the defendant, Horace

H. Moore, was operating his Studebaker car in a westerly direction along St. Clair avenue at a high rate of speed, and attempted to cross Third avenue without looking out for traffic; that his car crashed into the Ford, spinning it completely around so that it was fronting the direction from which it had come, overturning it, and finally defendant's car brought up on the sidewalk about fifty feet past the point of impact; that defendant's car came to a stop on the south side of St. Clair avenue with its rear wheels on the sidewalk and its front wheels on the lawn; that the defendant got out of his car and left the scene of the accident and was found in his office by the police officer.

Considering the physical situation as described by this and other testimony, the testimony as to speed and management of both cars and their respective rights at the intersection arising from the position of the respective cars, we consider that it cannot be said that the verdict was against the preponderance or weight of the evidence with respect to the negligence of the defendant, or the alleged contributory negligence of the plaintiffs.

The verdict of $300 in favor of Saverio Napolitano is not excessive. The verdict in favor of Angelo Napolitano for $10,511 is so plainly excessive, in view of the evidence, that it cannot stand. We consider that the proofs do not justify a verdict of more than $6,000. If the plaintiff Angelo will remit the amount of his verdict in excess of that figure, the rule to show cause will be discharged; otherwise it will be made absolute as to him.